**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Dave Boyd,** | ) | **CASE NO. 1:15 CV 1750** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Ford Motor Company,** | ) | <u>**Order**</u> |
| | ) | |
| **Defendant.** | ) | |

    This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 15). The motion is UNOPPOSED and GRANTED.

    Plaintiff Dave Boyd filed this Complaint against defendant Ford Motor Company, his former employer. Plaintiff asserted claims under the Age Discrimination in Employment Act, Americans with Disabilities Act, and the Ohio disability statute as well as claims for wrongful termination and intentional infliction of emotional distress. Defendant moved for summary judgment on all claims. Defendant supported its legal arguments with evidence in the form of plaintiff's deposition and the declarations of defendant's Senior Safety Engineer, Site Medical Director, and Human Resources Associate Lead, all of which were located at the plant where

plaintiff had been employed. Plaintiff did not oppose the motion.

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on

which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

"When faced with an unopposed motion for summary judgment, a district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met his burden. In other words, summary judgment by default is not proper." *Lawson v. McDonald*, 2016 WL 697132 (E.D. Ky. Feb. 19, 2016) (citing *Miller v. Shore Fin. Servs., Inc.*, 141 Fed.Appx. 417, 419 (6th Cir. 2005) (per curiam); *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 Fed.Appx. 374 (6th Cir. 2011)).

This Court has examined the motion and evidence submitted and concludes that the defendant has carried its burden of proof.  Accordingly, summary judgment is appropriate as to all claims for the reasons stated in the motion.

For these reasons, defendant's Motion for Summary Judgment is unopposed and granted.

IT IS SO ORDERED.


                                                /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
Dated: 8/31/16                           United States District Judge